United States District Court
Southern District of Texas
**ENTERED**
February 03, 2021
Nathan Ochsner, Clerk

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## LAREDO DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **V.** | § | **CIVIL ACTION NO. 5:20-CV-116** |
| | § | |
| **7.10974 ACRES OF LAND, MORE OR** | § | |
| **LESS, SITUATED IN WEBB COUNTY,** | § | |
| **STATE OF TEXAS ET AL.** | § | |
| | § | |
| **Defendants.** | § | |

## ORDER

Before the Court is Plaintiff's Unopposed Motion of the United States of America to Withdraw the Motion for Order of Immediate Possession. (Dkt. No. 21). In its motion, the Government requests to withdraw its Motion for Order of Immediate Possession, (Dkt. No. 11), without prejudice to refiling. The Government also requests that the Court set a status conference after March 22, 2021 to discuss the status of this case.

The instant motion addresses changes to the Government's posture in this case in light of President Biden's recent Proclamation on the Termination of Emergency with Respect to the Southern Border of the United States and Redirection of Funds Diverted to Border Wall Construction, Proclamation No. 10142, 86 Fed. Reg. 7225 (Jan. 27, 2021). In its motion, the Government states that it has not had an opportunity to develop its plan to redirect funds and repurpose contracts as directed by the Proclamation. (*Id.* at 2). The Government therefore requests to withdraw the pending motion for order of immediate possession and apprise the Court of its updated posture once the mandated sixty-day period has passed. (*Id.*). Plaintiff represents that Defendant does not oppose the motion to withdraw. (*Id.*).

Based on the foregoing, the Court **GRANTS** Plaintiff's Unopposed Motion of the United States of America to Withdraw the Motion for Order of Immediate Possession. (Dkt. No. 21). Plaintiff's Motion for Order of Immediate Possession, (Dkt. No. 11), is **DENIED** due to its withdrawal without prejudice to refiling.

The Court further **SETS** a telephonic status conference for <u>**March 30, 2021 at**</u> <u>**9:00 a.m.**</u> Plaintiff's counsel shall initiate the telephone conference call. When all parties are joined in the call, the parties may reach the Court at (956) 790-1757.[1]

It is so **ORDERED**.

**SIGNED** on February 3, 2021.

_____
John A. Kazen
United States Magistrate Judge

---

[1] It is each attorney's obligation to insure they have a clear telephone connection and that they can communicate clearly with the Court during the hearing. To this end, each attorney should endeavor to be on a landline telephone and not a cellular telephone. If any attorney has a poor telephone connection that interferes with the Court's ability to conduct the hearing, the Court may recess the hearing and order the attorney with the poor telephone connection to attend the hearing in person at a future date.